In re SOUTHEASTERN TRUCK BODY AND TRAILER CORPORATION.

MATLOCK TRUCK BODY & TRAILER CORPORATION, Plaintiff,

v.

Leon STEINBERG, Trustee and City and County Bank of Knox County, Defendants.

Bankruptcy Nos. 3-79-00699, 3-79-0030.

United States District Court, E. D. Tennessee, N. D.

April 21, 1980.

Richard Stair, Jr., Knoxville, Tenn., for Southeastern.

George Legg, Knoxville, Tenn., for Matlock Truck.

Leon Steinberg, Trustee, Knoxville, Tenn., serving as own attorney.

Richard E. Faires, Knoxville, Tenn., for City and County Bank.

## MEMORANDUM

ROBERT L. TAYLOR, District Judge.

This is an appeal from the decision of the Bankruptcy Judge approving an assignment by the trustee in bankruptcy of rights under a sublease pursuant to 11 U.S.C. Section 365. The issues have been fully briefed and oral arguments heard.

The appellant in this case subleased certain real property to a company organized by the sublessor's former employees. The sublease, which was entered into prior to enactment of the new Bankruptcy Act, 11 U.S.C. Sections 101 et seq., provided that the sublessee's rights would be forfeited upon the commencement of bankruptcy proceedings. After the new Act went into effect, the sublessee did go into bankruptcy. The trustee in bankruptcy sought to assume the sublease and assign it for the benefit of creditors under the provisions of 11 U.S.C. Section 365. Section 365(e)(1) reads as follows:

> Notwithstanding a provision in an executory contract or unexpired lease, or in applicable law, an executory contract or unexpired lease of the debtor may not be terminated or modified, and any right or obligation under such contract or lease may not be terminated or modified, at any time after the commencement of the

case solely because of a provision in such contract or lease that is conditioned on—

\*  \*  \*  \*  \*  \*

(B) The commencement of a case under this title; . . .

Section 365(f)(2)(B) allows assignment of an executory contract or unexpired lease only if the trustee gives "adequate assurance of future performance by the assignee of such contract or lease."

The Bankruptcy Judge approved the assignment of the sublease to the appellant himself, for the sum of $32,001.00. In this appeal, appellant claims that Section 365(e)(1) is unconstitutional as applied in this case, and that the trustee failed to give adequate assurance of future performance by the originally proposed assignee.

The latter issue is not properly before this Court since the assignment to the first assignee proposed by the trustee was never approved by the Bankruptcy Judge. This appeal concerns only the assignment approved by the Bankruptcy Judge, which is the assignment to appellant himself. There is no suggestion that the statutory prerequisites for that assignment have not been met.

■ Unless there is some constitutional infirmity in the statutory authorization for the trustee's assignment, the appellant cannot complain that the assignment to itself of this sublease is invalid. During oral argument, appellant's counsel abandoned his constitutional challenge to the statute. Section 365 was carefully drafted to protect the substantive rights of the non–bankrupt parties to executory contracts and leases. Assignments of such contracts by trustees in bankruptcy are prohibited unless the other parties to the contract are assured, to the satisfaction of the Bankruptcy Court, of complete future performance. This satisfies the due process requirements of the Fifth Amendment.

For these reasons, it is ORDERED that the Orders of the Bankruptcy Judge dated January 9, 1980, be, and the same hereby are, affirmed.

Order Accordingly.